**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
          jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLEE BROWNING and SARAH BASILE, on behalf of themselves and all others similarly situated, | Case No.  8:16-cv-2210 |
| | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| UNILEVER UNITED STATES, INC., | |
| Defendant. | |

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs Kaylee Browning and Sarah Basile ("Plaintiffs"), individually and on behalf of other similarly situated individuals, allege the following Class Action Complaint against defendant Unilever United States, Inc. ("Defendant") for making, marketing, and distributing St. Ives Apricot Scrub, upon personal knowledge as to themselves and their own acts and upon information and belief – based upon, *inter alia*, the investigation made by their attorneys – as to all other matters, as follows:

## **INTRODUCTION**

1.      This is a class action on behalf of purchasers of St. Ives Apricot Scrub ("St. Ives") in the United States.

2.      Defendant markets St. Ives as a facial "scrub" that "deeply exfoliates to reveal smooth skin."  The St. Ives packaging represents that it is "dermatologist tested" and "non-comedogenic."




3.      Unfortunately for consumers, use of St. Ives as a facial exfoliant leads to long-term skin damage that greatly outweighs any potential benefits the product may provide.  St. Ives' primary exfoliating ingredient is crushed walnut shell, which has jagged edges that cause micro-tears in the skin when used in a scrub.  While this damage may not be immediately noticeable to the naked eye, it nonetheless leads to acne, infection and wrinkles.  Simply put, St. Ives is not fit to be sold as a facial scrub.

4.      Because of this, dermatologists and other skin care professionals routinely warn consumers against using St. Ives and similar products containing crushed walnut shell.

5.      In a 2015 article in New York Magazine, one dermatologist compared use of similar products to "using sandpaper on your face.  If you look closely at the sandpaper surface, you'll see lots of scratch marks, and that's what happens on the skin."  The dermatologist also agreed that "the inflammation and irritation triggered by scrubs can accelerate the aging process."[1]

6.      Another dermatologist interviewed by New York Magazine noted that "Large, hard, and sandlike rocks, like the ones in St. Ives's Apricot Scrub, are the most damaging because they are too abrasive for the face's thin skin."[2]

7.      And another skincare expert interviewed in the same article warned: "[w]hen you scrub skin with abrasive scrubs, they put micro-tears into skin.  They make your skin more vulnerable to environmental damages, pollution, and sun damage."[3]

---

[1] Ashley Weatherford, *Is Your Scrub Giving You Wrinkles?*, New York Magazine (Aug. 11, 2016), http://nymag.com/thecut/2015/07/your-scrub-giving-you-wrinkles.html#.
[2] *Id.*
[3] *Id.*

8.      Other experts agree.  A medical esthetician at Toronto Dermatology Centre warns patients that when exfoliating, "we don't want to use anything that has walnut shells … they're not round, and they can tear at the living cells."[4]

9.      An aesthetician explained that "[t]he main ingredient in this scrub is walnut shell.  The abrasive texture created microscopic tears in the top layer of the skin, which then increases future redness and inflammation.  It also contains sulfates which are drying and irritating, and several ingredients that are comedogenic, which means it clogs pores."[5]

10.     Another aesthetician provided an in-depth explanation of the problem on her blog:

> Walnut shell powder creates microscopic tears in the top layer of the skin.  This allows surface bacteria to enter into deeper layers of the skin.  The action of scrubbing the skin also causes inflammation ….  Th[is] creates raw, red, open skin, increasing future inflammation.  When pores are inflamed, they swell, closing the top of the pore in a balloon shape instead of a cylinder, trapping *p. acnes* bacteria in the pore, giving it an oxygen free environment, where it flourishes, causing even more inflammation and creating a battle ground for white blood cells to fight off invaders, resulting in more breakouts.[6]

11.     Accordingly, St. Ives is unfit to be sold or used as a facial scrub.  The product is completely worthless.

---

[4] Sheri Roselle, Medical Esthetician at Toronto Dermatology Centre, *Exfoliation Are You Doing it Right* (Jul. 24, 2014), https://www.youtube.com/watch?v=4v8NO3SaWh0.
[5] Stephanie Montes, *How St. Ives Apricot Scrub is Destroying your Skin*, The Zoe Report (Mar. 10, 2016), http://thezoereport.com/beauty/skincare/st-ives-apricot-scrub-is-destroying-your-skin/.
[6] Lauri Shea, *Why St. Ives Apricot Scrub is Terrible for your Skin – you can Start Feeling Guilty now* (Jul. 25, 2014), http://www.etherealauraspa.com/blog/apricot-scrub.

12.     Defendant knows about this issue, as is evidenced by its ambiguous representation that the product is "dermatologist tested."  But Defendant omits the fact that St. Ives causes skin damage and is not *recommended* by dermatologists.

13.     Defendant's representation that St. Ives is non-comedogenic is also false and misleading.  St. Ives contains several highly comedogenic ingredients, including Glyceryl Stearate SE, Sodium Laureth Sulfate, Zea Mays (Corn) Kernel Meal, PEG-100 Strearate, Ceryl Acetate, Ceteareth-20, and Acetylated Lanolin Alcohol.[7]

14.     This is a proposed class action brought by Plaintiffs, on behalf of a class of similarly situated individuals, against Defendant for breach of implied warranty, unjust enrichment, fraud, and violations of California and New York consumer protection laws.

## JURISDICTION AND VENUE

15.     This Court has personal jurisdiction over Defendant.  Defendant purposefully avails itself of the California consumer market and distributes St. Ives to at least hundreds of locations within this County and thousands of retail locations throughout California, where St. Ives is purchased by thousands of consumers every day.

16.     This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  Plaintiffs allege that the total claims of individual members of the proposed Class (as defined herein) are well in excess of

---

[7] *See, e.g.,* Barbara Strickland, Certified Para Medical Esthetician, *Become an Acne Detective*, Sage Advice, https://www.sageskincare.com/Articles.asp?ID=255 (last accessed Dec. 8, 2016).

$5,000,000.00 in the aggregate, exclusive of interest and costs.

17.     Venue is proper in this District under 28 U.S.C. § 1391(a).  Substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information and omissions regarding St. Ives, occurred within this District.

## PARTIES

18.     Plaintiff Kaylee Browning is an individual consumer who, at all times material hereto, was a citizen of California.  Ms. Browning purchased St. Ives from a Target store located in Rancho Santa Margarita, California in or about mid-2014.  In purchasing St. Ives, Ms. Browning relied on Defendant's false, misleading, and deceptive marketing of St. Ives as a facial scrub.  Had Defendant disclosed that St. Ives is not fit to be used as a facial scrub because it causes skin damage, Ms. Browning would have been aware of that and she would not have purchased St. Ives.

19.     Plaintiff Sarah Basile is an individual consumer who, at all times material hereto, was a citizen of New York.  Ms. Basile purchased St. Ives from a CVS store located in East Rockaway, New York in or about June 2016.  In purchasing St. Ives, Ms. Basile relied on Defendant's false, misleading, and deceptive marketing of St. Ives as a facial scrub.  Had Defendant disclosed that St. Ives is not fit to be used as a facial scrub because it causes skin damage, Ms. Basile would have been aware of that and she would not have purchased St. Ives.

20.     Defendant Unilever United States, Inc. is incorporated in the State of Delaware, with a principal place of business at 700 Sylvan Ave., Englewood Cliffs, NJ  07632.

21.     Defendant manufactures, markets, and distributes St. Ives throughout California, New York, and the United States.

**CLASS ALLEGATIONS**

22.     Plaintiffs seek to represent a class defined as all persons in the United States who purchased St. Ives (the "Class").  Excluded from the Class are persons who made such purchases for purpose of resale.

23.     Plaintiff Browning also seeks to represent a Subclass of all Class Members who purchased St. Ives in California (the "California Subclass").

24.     Plaintiff Basille also seeks to represent a Subclass of all Class Members who purchased St. Ives in New York (the "New York Subclass").

25.     At this time, Plaintiffs do not know the exact number of members of the Class and Subclasses; however, given the nature of the claims and the number of retail stores in the United States selling St. Ives, Plaintiffs believe that Class and Subclass members are so numerous that joinder of all members is impracticable.

26.     There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include:

a.     whether Defendant misrepresented and/or failed to disclose material facts concerning St. Ives;

b.     whether Defendant's conduct was unfair and/or deceptive;

c.     whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiffs and the Class;

d.     whether Defendant breached implied warranties to Plaintiffs and the Class;

e.      whether Plaintiffs and the Class have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages.

27.    Plaintiffs' claims are typical of those of the Class because Plaintiffs, like all members of the Class, purchased, in a typical consumer setting, Defendant's product and Plaintiffs sustained damages from Defendant's wrongful conduct.

28.    Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel that is experienced in litigating complex class actions. Plaintiffs have no interests which conflict with those of the Class or the Subclasses.

29.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

30.    The prerequisites to maintaining a class action for equitable relief are met as Defendant has acted or refused to act on grounds generally applicable to the Class and the Subclasses, thereby making appropriate equitable relief with respect to the Class and the Subclasses as a whole.

31.    The prosecution of separate actions by members of the Class and the Subclasses would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of the Class and the Subclasses even where certain Class members are not parties to such actions.

## CAUSES OF ACTION

## COUNT I

## (Unfair and Deceptive Acts and Practices In Violation of the California Consumers Legal Remedies Act)

32.    Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

33.     Plaintiff Browning brings this cause of action on behalf of herself and members of the California Subclass.

34.     This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ I750-I785 (the "CLRA").

35.     Ms. Browning and the other members of the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought St. Ives for personal, family, or household purposes.

36.     Ms. Browning, the other members of the California Subclass, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

37.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

38.     As alleged more fully above, Defendant has violated the CLRA by marketing St. Ives as a facial scrub but failing to inform consumers that it is not fit to be used as a facial scrub because it causes skin damage.  Defendant also falsely stated that St. Ives is "non-comedogenic."

39.     As a result of engaging in such conduct, Defendant has violated California Civil Code § 1770(a)(5) and (a)(7).

40.     CLRA § 1782 NOTICE.  On October 24, 2016, a CLRA demand letter was sent to Defendant via certified mail that provided notice of Defendant's violation of the CLRA and demanded that within thirty (30) days from that date, Defendant correct, repair, replace or other rectify the unlawful, unfair, false and/or deceptive practices complained of herein.  The letter also stated that if Defendant refused to do so, a complaint seeking damages in accordance with the CLRA would be filed. Defendant has failed to comply with the letter.  Accordingly, pursuant to

California Civil Code § 1780(a)(3), Plaintiff Browning, on behalf of herself and all other members of the California Subclass, seeks injunctive relief, compensatory damages, punitive damages, and restitution of any ill-gotten gains due to Defendant's acts and practices.

## COUNT II
### (Violation California's Unfair Competition Law)

41.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

42.     Plaintiff Browning brings this cause of action on behalf of herself and members of the California Subclass.

43.     By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the California Subclass, by engaging in unlawful, fraudulent, and unfair conduct.

44.     Defendant has violated the UCL's proscription against engaging in *unlawful* conduct as a result of its violations of the CLRA, Cal. Civ. Code § 1770(a)(5) and (a)(7) as alleged above.

45.     Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

46.     As more fully described above, Defendant's misleading marketing, advertising, packaging, and labeling of St. Ives is likely to deceive reasonable consumers.

47.     Defendant's acts and practices described above also violate the UCL's proscription against engaging in *unfair* conduct.

48.     Ms. Browning and the other California Subclass members suffered a substantial injury by virtue of buying St. Ives that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair marketing, advertising,

packaging, and labeling or by virtue of paying an excessive premium price for the unlawfully, fraudulently, and unfairly marketed, advertised, packaged, and labeled product.

49.    There is no benefit to consumers or competition from deceptively marketing and labeling St. Ives.

50.    Plaintiff and the other California Subclass members had no way of reasonably knowing that the St. Ives they purchased were not as marketed, advertised, packaged, or labeled.  Thus, they could not have reasonably avoided the injury each of them suffered.

51.    The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Ms. Browning and the other members of the California Subclass.

52.    Defendant's violations of the UCL continue to this day.

53.    Pursuant to California Business and Professional Code § 17203, Plaintiff and the California Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendant to:

        (a)    provide restitution to Ms. Browning and the other California Subclass members;

        (b)    disgorge all revenues obtained as a result of violations of the UCL; and

        (c)    pay Ms. Browning's and the California Subclass' attorney's fees and costs.

## COUNT III

### (Fraud)

53.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

54.     Plaintiffs bring this claim individually and on behalf of the members of the Class and California and New York Subclasses against Defendant.

55.     As discussed above, Defendant failed to disclose to class members that use of St. Ives would cause skin damage and that it is not fit to be used as a facial scrub.  Defendant also misrepresented that St. Ives is non-comedogenic.

56.     The false and misleading representations and omissions were made with knowledge of their falsehood.

57.     The false and misleading representations and omissions were made by Defendant, upon which Plaintiffs and members of the Class and California and New York Subclasses reasonably and justifiably relied, and were intended to induce and actually induced Plaintiffs and Class members to purchase St. Ives.

58.     The fraudulent actions of defendant caused damage to Plaintiffs and members of the Class, who are entitled to damages and other legal and equitable relief as a result.

## COUNT IV

### (Deceptive Acts Or Practices, New York Gen. Bus. Law § 349)

59.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

60.     Plaintiff Basile brings this claim individually and on behalf of members of the New York Subclass against Defendant.

61.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by making false representations and omissions on the label of St. Ives.

62.     The foregoing deceptive acts and practices were directed at consumers.

63.     The foregoing deceptive acts and practices are misleading in a material way because had the omitted information been disclosed, Plaintiff Basile and New York Subclass members would have been aware of it and not purchased St. Ives.

64.     Plaintiff St. Ives and members of the New York Subclass were injured as a result because (a) they would not have purchased St. Ives if they had known that that it is unfit to be used as a facial scrub; and (b) they overpaid for St. Ives because they were sold at a price premium on account of this misrepresentation and/or omission.

65.     On behalf of herself and other members of the New York Subclass, Plaintiff Moran seeks to recover actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT V

### (False Advertising, New York Gen. Bus. Law § 350)

66.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

67.     Plaintiff Basile brings this claim individually and on behalf of members of the New York Subclass against Defendant.

68.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by failing to disclose that St. Ives causes skin damage and is unfit to be used as a facial scrub.  It also misrepresented that the product is non-comedogenic.

69.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

70.     This misrepresentation has resulted in consumer injury or harm to the public interest.

71.     As a result of this misrepresentation, Plaintiff Basile and members of the New York Subclass have suffered economic injury because (a) they would not have purchased St. Ives if they had known that that it is unfit to be used as a facial scrub; and (b) they overpaid for St. Ives because they were sold at a price premium on account of this misrepresentation and/or omission.

72.     On behalf of herself and other members of the New York Subclass, Plaintiff Basile seeks to recover actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT VI

### (Unjust Enrichment)

73.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

74.     Plaintiffs bring this claim individually and on behalf of members of the Class and Subclasses against Defendant.

75.     Plaintiffs and Class members conferred benefits on Defendant by purchasing St. Ives.

76.     Defendant has knowledge of such benefits.

77.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs' and Class members' purchases of St. Ives.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant failed to disclose that St. Ives causes skin damage and is unfit to be used as a facial scrub.  It also misrepresented that the product is non-comedogenic.

78.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiffs and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and the Class members for their unjust enrichment, as ordered by the Court.

## <u>COUNT VII</u>

### (Breach Of The Implied Warranty Of Merchantability)

79.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

80.     Plaintiffs bring this claim individually and on behalf of members of the Class and Subclasses against Defendant

81.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that that St. Ives is mechantable as a facial scrub.

82.     Defendant breached the warranty implied in the contract for the sale of St. Ives because it could not "pass without objection in the trade under the contract description," the goods were not "of fair average quality within the description," the goods were not "adequately contained, packaged, and labeled as the agreement may require," and the goods did not "conform to the promise or affirmations of fact made on the container or label."  See U.C.C. § 2-314(2) (listing requirements for merchantability).  As a result, Plaintiffs and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.

83.     Plaintiffs and Class members purchased St. Ives in reliance upon Defendant's skill and judgment in properly packaging and labeling St. Ives.

84.     The products were not altered by Plaintiffs or Class members.

85.     The products were defective when they left the exclusive control of Defendant.

86.     Defendant knew that St. Ives would be purchased and used without additional testing by Plaintiffs and Class members.

87.     St. Ives was defectively designed and unfit for their intended purpose and Plaintiffs and Class members did not receive the goods as warranted.

88.     As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiffs and Class members have been injured and harmed because they

would not have purchased St. Ives if they knew the truth about the product and the product they received was worth substantially less than the product they were promised and expected.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment on behalf of themselves and members of the Class and California and New York Subclasses as follows:

A.  For an order certifying the nationwide Class and the California and New York Subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representative of the Class and Subclasses and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass members;

B.  For an order declaring that Defendant's conduct violates the statutes referenced herein;

C.  For an order finding in favor of Plaintiffs, the nationwide Class, and the Subclasses on all counts asserted herein;

D.  For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.  For injunctive relief enjoining the illegals acts detailed herein;

F.  For prejudgment interest on all amounts awarded;

G.  For an order of restitution and all other forms of equitable monetary relief;

H.  For an order awarding Plaintiffs and the Class and Subclasses their reasonable attorneys' fees and expenses and costs of suit.

## **JURY TRIAL DEMANDED**

Plaintiffs demand a trial by jury on all claims so triable.

Dated: December 16, 2016     Respectfully submitted,

**BURSOR & FISHER, P.A.**


By:_____/s/ L. Timothy Fisher_____
                   L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
                jsmith@bursor.com


**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiffs*

## CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)

I, Kaylee Browning, declare as follows:

1. I am a plaintiff in this action and a citizen of the State of Arizona. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2. The complaint filed in this action is filed in the proper place for trial under California Civil Code Section 1780(d) in that Defendant conducts a substantial amount of business in this District.

3. While living in California, I purchased St. Ives Apricot Scrub from a Target store located in Rancho Santa Margarita, California in or about mid-2014. In purchasing St. Ives, I relied on Defendant's false, misleading, and deceptive marketing of St. Ives as a facial scrub. This was a substantial factor influencing my decision to purchase St. Ives. Had Defendant disclosed that St. Ives is not fit to be used as a facial scrub because it causes skin damage, I would have been aware of that and would have not purchased St. Ives.

I declare under the penalty of perjury under the laws of the States of California and Arizona that the foregoing is true and correct, executed on December 13, 2016 at

Scottsdale, Arizona.

Kaylee Browning   12/13/16

**EXHIBIT A**

# BURSOR & FISHER
### P.A.

1990 N. CALIFORNIA BLVD.
SUITE 940
WALNUT CREEK, CA 94596
www.bursor.com

L. TIMOTHY FISHER
Tel: 925.300.4455
Fax: 925.407.2700
ltfisher@bursor.com

October 24, 2016

*<u>Via Certified Mail - Return Receipt Requested</u>*

Unilever United States, Inc.
700 Sylvan Ave.
Englewood Cliffs, NJ 07632

Re:     *Demand Letter Pursuant to California Civil Code § 1782 and Violation of U.C.C.
        § 2-314*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Unilever United States, Inc. pursuant to numerous provisions of California and New York law, including the Consumers Legal Remedies Act, Civil Code § 1770, including but not limited to subsections (a)(5) and (7), and N.Y.G.B.L. §§ 349, on behalf of our clients, Kaylie Browning, Sarah Basile, and all others similarly situated. This letter also serves as notice pursuant to U.C.C. § 2-607(3)(A) concerning the breaches of warranty described herein.

You have participated in the marketing and sale of St. Ives Apricot Scrub ("St. Ives"). St. Ives is marketed as a facial scrub which "deeply exfoliates to reveal smooth skin." However, you fail to disclose that the walnut shell powder used in St. Ives has jagged edges which cause micro-tears in the skin when used as an exfoliant. These micro-tears lead to acne, infection, and wrinkles. Because of this, St. Ives is unfit to be sold as a face wash, given that the harm it causes to its users far outweighs any possible benefits it provides. Dermatologists therefore overwhelmingly warn patients to avoid using St. Ives, contrary to your assertion that the product is "dermatologist tested." Moreover, your representation that the product is "non-comedogenic" is false and misleading.

Ms. Browning and Ms. Basile purchased St. Ives based on the understanding that it would not damage their skin. Had they known the truth about St. Ives, they would not have purchased the product.

Ms. Browning and Ms. Basile are acting on behalf of a class defined as all persons in the United States who purchased St. Ives. Ms. Browning is also acting on behalf of a subclass of persons who purchased St. Ives in the State of California and Ms. Basile is also acting on behalf of a subclass of persons who purchased St. Ives in the State of New York.

To cure these defects, we demand that you make full restitution to all purchasers of St. Ives of all money obtained from sales thereof.

We further demand that you preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1.    All documents concerning the design, development, and/or testing of St. Ives;

2.    All documents concerning the advertisement, marketing, or sale of St. Ives;

4.    All documents concerning communications with purchasers of St. Ives, including but not limited to customer complaints; and

5.    All documents concerning your total revenue derived from sales of St. Ives in California, New York and the United States.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

This letter also serves as a thirty (30) day notice and demand under California Civil Code § 1782 for damages.  Accordingly, should you fail to rectify the situation on a class-wide basis within 30 days of receipt of this letter, we will seek actual damages, plus punitive damages, interest, attorneys' fees and costs.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter.  If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Very truly yours,

L. Timothy Fisher