1 | **BURSOR & FISHER, P.A.**
2 | L. Timothy Fisher (State Bar No. 191626)
  | Joel D. Smith (State Bar No. 244902)
3 | 1990 North California Blvd., Suite 940
  | Walnut Creek, CA 94596
4 | Telephone: (925) 300-4455
  | Facsimile: (925) 407-2700
5 | E-Mail:  ltfisher@bursor.com
6 |          jsmith@bursor.com

7 | **BURSOR & FISHER, P.A.**
  | Scott A. Bursor (State Bar No. 276006)
8 | Yitzchak Kopel (*pro hac vice*)
  | 888 Seventh Avenue
9 | New York, NY  10019
10 | Telephone: (212) 989-9113
  | Facsimile:  (212) 989-9163
11 | E-Mail: scott@bursor.com

12 | *Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLEE BROWNING and SARAH BASILE, on behalf of themselves and all others similarly situated, | Case No. 8:16-cv-2210-AG-KES |
| | **PLAINTIFFS' *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE:  DEPOSITION** |
| Plaintiffs, | |
| v. | **Concurrently filed herewith: Declaration of Yitzchak Kopel in Support of *Ex Parte* Application** |
| UNILEVER UNITED STATES, INC. | |
| Defendant. | **[Discovery Document:  Referred to Magistrate Judge Karen E. Scott]** |
| | Date:  TBD |
| | Time:  TBD |
| | Courtroom:  6D |
| | Discovery Cut-Off:  August 6, 2018 |
| | Pretrial Date:  October 22, 2018 |
| | Trial Date:  November 6, 2018 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Plaintiffs Kaylee Browing and Sarah Basile, (collectively "Plaintiffs") hereby apply to the Court *ex parte,* for a Protective Order re: Deposition of Plaintiff Sarah Basile. Specifically, Plaintiffs seek a protective order setting New York, New York as the location for Plaintiff Basile's deposition, or an order directing Defendant to take her deposition remotely pursuant to Fed. R. Civ. P. 30(b)(4). In the alternative, Plaintiffs request the Court issue a protective order staying Plaintiff Basile's deposition to allow the issue of deposition location to be fully briefed as a noticed motion.

Defendant has noticed the deposition of Plaintiff Basile for California despite this Court's guidance to the contrary. This behavior is contrary to Fed. R. Civ. P. 1.

*Ex parte* relief is necessary to resolve this issue. Defendant served notice of these depositions on November 22, 2017, and scheduled the depositions for January 5, 2018 – less than a month and a half later. Thus, relief would not be timely were Plaintiffs to seek relief by a regularly noticed motion. Given that this issue was already addressed at a Court teleconference on September 11, 2017, and discussed in letters between counsel thereafter, Defendant had notice of Plaintiffs' concerns before the deposition notice was even served.

The name, address, telephone number, and email address of Defendant's counsel are as follows:

Claudia Maria Vetesi
Morrison and Foerster LLP
425 Market St
San Francisco, CA 94105-2482
415-268-6626
Fax: 415-268-7522
Email: cvetesi@mofo.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Luis Gabriel Hoyos
Morrison and Forester LLP
425 Market Sreet 32nd Floor
San Francisco, CA 94105
415-268-6313
Fax: 415-268-7522
Email: lhoyos@mofo.com

Virginia M Choi
Morrison and Foerster LLP
707 West Wilshire Boulevard Suite 6000
Los Angeles, CA 90017
213-892-5200
Fax: 213-892-5454
Email: vchoi@mofo.com

William L Stern
Morrison and Foerster LLP
425 Market St
San Francisco, CA 94105-2482
415-268-7000
Fax: 415-268-7522
Email: wstern@mofo.com

Counsel for Defendant received notice of this *ex parte* application on December 27, 2017.  Kopel Decl. ¶ 8.  Counsel for Defendant indicated that they oppose this application. *See id*. at ¶ 9.  Plaintiffs will provide a copy of this application to Defendant's counsel by email immediately after filing.  *Id*. at ¶ 10.

Dated: December 27, 2017      **BURSOR & FISHER, P.A.**


By: */s/ Yitzchak Kopel*
               Yitzchak Kopel

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail:  ltfisher@bursor.com
            jsmith@bursor.com
            treyda@bursor.com

**BURSOR & FISHER, P.A.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Scott A. Bursor (State Bar No. 276006)
Yitzchak Kopel (*pro hac vice*)
888 Seventh Avenue
New York, New York 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail:   scott@bursor.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

In this Application, Plaintiffs seek a protective order regarding the deposition of Plaintiff Sarah Basile.  Most narrowly, this application seeks a protective order setting New York as the location for Plaintiff Basile's deposition, or an order directing Defendant to take her deposition remotely pursuant to Fed. R. Civ. P. 30(b)(4).  In the alternative, Plaintiffs request the Court issue a protective order staying Plaintiff Basile's deposition to allow the issue of deposition location to be fully briefed as a noticed motion.  The Court expressed a desire for the parties to attempt to resolve this issue without Court intervention.  Dkt. No. 39 at 45:25-46:1 ("I would instruct the parties to keep talking").  However, as set forth below, Plaintiffs' efforts to reach resolution of this issue without Court intervention were unsuccessful.

The parties raised the issue of the location for Ms. Basile's deposition during the Court's September 14, 2017 teleconference.  There, the Court reasoned that there was no reason "to have [] Plaintiff [Basile] fly out [to California]," but left the issue officially unresolved so that Defendant could seek some small concessions related to the deposition from Plaintiffs.  *See id*. at 45:23-47:25 and 42:2-3 ("And by concession, I guess I have in mind, you know, extensions to the potential length [of the deposition].").

Thereafter, Defendant sent a letter to Plaintiffs on October 5, 2017, stating that "Unilever intends to proceed by way of the Court's formal discovery dispute procedures as to this issue."  *See* Kopel Decl. Ex. A.

On October 26, 2017, Plaintiffs sent a response letter stating that "the Court suggested that the parties 'keep talking' and the 'perhaps there is some other concession or some degree of cost-sharing or something that could be done' to

resolve the issue.  Plaintiffs are willing to participate in such discussions."  Kopel Decl. Ex. B.

On November 8, 2017, Defendant responded by letter, stating that "With respect to the location of Ms. Sarah Basile's deposition, our position has not changed. She must sit for her deposition in Los Angeles. We are willing to work with you regarding dates, to accommodate her travel, but we intend to notice her deposition."  Kopel Decl. Ex. C.

On November 22, 2017, Plaintiffs sent Defendant an email requesting that the deposition be set for February 13, 2018, with the location to be determined by the Court, as "that would provide enough time to hopefully gain clarity on the issue."  Kopel Decl. Ex. D.

However, despite its assurances to the contrary, Defendant refused this scheduling request.  Later that same day, Defendant unilaterally noticed January 5, 2018, for the deposition of Plaintiff Basile.  Kopel Decl., Exs. D and E. Defendant has refused to abandon its intent to take Plaintiff Basile's deposition in California on this date.  Kopel Decl. ¶ 7.

District courts have wide discretion to establish the time and place of depositions and routinely issue protective orders in the interest of efficiency and to prevent harassment.  *See* Dkt. No. 39 at 39:3-5 and 39:10-11.  The location identified in the notice of Ms. Basile's deposition makes little sense other than as a vehicle for harassment.  Indeed, other than the fact that this litigation was filed in California[1], Defendant has repeatedly failed to identify any reason that Ms. Basile's deposition should take place here.  *Id.*  Defendant's conduct neglects the principle that the rules of civil procedure should "be employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

---

[1]Plaintiff Basile's claims were only filed outside of her home jurisdiction to avoid duplicitous proceedings and ensure compliance with Fed. R. Civ. P. 1.

1   Under these circumstances, a protective order setting New York as the

2   location for Plaintiff Basile's deposition, or an order directing Defendant to take

3   her deposition remotely pursuant to Fed. R. Civ. P. 30(b)(4) is entirely

4   appropriate.  In the alternative, Plaintiffs request the Court stay Plaintiff Basile's

5   deposition to allow the issue of deposition location to be fully briefed as a noticed

6   motion.  Plaintiffs are also in the process of moving to address Defendant's

7   discovery deficiencies and, if the Court were to grant a stay, the deposition

8   location issue could be fully addressed at the same time.

9   Plaintiffs are prepared to attend a discovery conference with the Court if the

10   Court deems it advisable.

11   **II.  *EX PARTE* RELIEF IS NECESSARY HERE**

12   *Ex parte* relief is procedurally proper under the circumstances.  Through no

13   fault of their own, Plaintiffs are left with little time to challenge Defendant's

14   inappropriate noticing of Ms. Basile's deposition for a date on which Plaintiff has

15   already stated that she is not available.  Indeed, given that Defendant noticed Ms.

16   Basile's deposition just 45 days out, it was impossible for Plaintiffs to both meet and

17   confer with Defendant and notice a hearing on this motion under the normal

18   schedule.  As discussed above, Plaintiffs attempted to resolve this issue without

19   Court intervention in good faith.  But instead, Defendant attempted to run out the

20   clock by noticing the deposition with insufficient time for formal briefing.  Under

21   these circumstance, Plaintiffs must resort to this *ex parte* application to obtain the

22   necessary relief.[2]

23

24

25

26   _____
[2] Additionally, Defendant is not prejudiced by this ex parte proceeding because
Defendant already had the opportunity to address this exact issue in front of the

27   Court during the 9/14/2017 Telephonic Discovery Conferences.  *See generally* Dkt.
No. 39.  Nor will Defendant be prejudiced by staying the deposition of Ms. Basile

28   given that discovery does not end for several more months.

### III.   NEW YORK IS THE APPROPRIATE LOCATION FOR PLAINTIFF BASILE'S DEPOSITION

The issue of Plaintiff Basile's deposition was addressed during the September 14, 2017 Telephonic Discovery Conference before the Court.  Plaintiffs previously requested an order setting New York as the location for Plaintiff Basile's deposition, or in the alternative, directing Defendant to take her deposition remotely pursuant to Fed. R. Civ. P. 30(b)(4).  Pursuant to Fed. R. Civ. P. 1, Plaintiffs submitted that New York is the most appropriate forum for Ms. Basile's deposition because Ms. Basile resides in the New York area, both parties' counsel have offices in New York, Defendant's corporate headquarters (and its in-house counsel) is just minutes away in northern New Jersey[3], and the costs of Ms. Basile's travel to California would far exceed her individual claim in this action.[4]  In reviewing this dispute, the Court concluded:

> Since I'm not hearing a strong difficulty that would arise in taking this particular deposition by video, especially given the fact that video could be at Defense counsel's office, that Defense counsel already has lawyers in New York who would be able to service in the role of providing documents and so forth, the Court just doesn't see why — and also given the special context of class actions where the idea is to promote efficiency, recognizing that it's a mechanism for litigating over what would otherwise be small value clams if they were litigated individually.
>
> This just doesn't seem like a case where there is a reason to have – that the Plaintiffs fly out.

Dkt. No. 39 at 45:12-24.

Instead of issuing a protective order then and there, the Court left the issue officially unresolved so that Defendant could seek some small concessions related to the deposition from Plaintiffs.  *See id*. at 46-47 and 42:2-3 ("And by concession, I

---

[3] Defendant's corporate headquarters in Englewood Cliffs, NJ is approximately 6 miles from New York.

[4] Moreover, Plaintiff Basile's claims were only filed outside of her home jurisdiction to avoid duplicitous proceedings and ensure compliance with Fed. R. Civ. P. 1.

1    guess I have in mind, you know, extensions to the potential length [of the

2    deposition].").  Despite this instruction, Defendant never sought a time or cost

3    concession related to the deposition of Ms. Basile.  Kopel Decl. Exs. A, B, C, and D.

4    Instead, Defendant disregarded the Court's guidance entirely and noticed Plaintiff

5    Basile's deposition for January 5, 2018.  *See* Kopel Decl. Ex. E.

6           This date is particularly inappropriate because Defendant never consulted

7    Plaintiffs' counsel about Ms. Basile's availability then.  Kopel Decl., Ex. D.  Instead,

8    Defendant unilaterally rejected Plaintiffs' counsel's proposal of February 13, 2018,

9    and simply noticed January 5, 2018.  *Id.*  While "Rule 30 does not, by its terms,

10   require that the noticing party confer with opposing counsel before scheduling a

11   deposition. The failure to meet and confer in scheduling a deposition, however, is a

12   factor in deciding whether a protective order should be granted." *Koninklike Philips*

13   *Elecs. N.V. v. KXD Tech., Inc.*, 007 WL 3101248, at *17 (D. Nev. Oct. 16, 2007)

14   (citing *Seabrook Medical Systems, Inc. v. Baxter Healthcare Corp.*, 164 F.R.D. 232

15   (S.D.Ohio 1995) and *Valvida v. KMart Corp.*, 2000 WL 1739215 (D. Virgin Islands

16   2000)).  Indeed, many district courts have established local rules prohibiting

17   Defendant's conduct.  *Sims v. Metro. Life Ins. Co.*, 2006 WL 3826716, at *1 (N.D.

18   Cal. Dec. 27, 2006) (noting that "defendant's failure to meet and confer on a

19   mutually acceptable time prior to sending the notices," although contrary to the local

20   rule, was moot because the defendant agreed to change the date.)

21          A district court has wide discretion to establish the time and place of

22   depositions.  *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994).  Here,

23   other than the fact that this litigation was filed in California, Defendant fails to

24   identify any reason that Ms. Basile's deposition must take place here.  *See* Dkt. No.

25   39 at 39:3-5 and 39:10-11 ("[Court]: is there a reason other than, you know, the rules

26   allow us to compel her to come to California? …. [Ms. Choi]: That's really not the

27   right inquiry here.").  Defendant's analysis neglects the principle that the rules of

28   civil procedure should "be employed by the court and the parties to secure the just,

---

speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  Indeed, the only reason for taking Ms. Basile's deposition in California appears to be the cost and burden imposed on her.  Despite the Court's clear guidance on this issue, the parties and the Court are once again devoting substantial resource to its resolution.

Plaintiffs therefore reaffirm their request for an order setting New York as the location for Plaintiff Basile's deposition, or an order directing Defendant to take her deposition remotely pursuant to Fed. R. Civ. P. 30(b)(4).[5]  In the alternative, Plaintiffs request the Court issue a protective order staying Plaintiff Basile's deposition to allow the issue of deposition location to be fully briefed as a noticed motion.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs respectfully requests a protective order be issued.

Dated: December 27, 2017          **BURSOR & FISHER, P.A.**

By:  _/s/ Yitzchak Kopel_____
        Yitzchak Kopel

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:   (925) 407-2700
E-Mail:  ltfisher@bursor.com
              jsmith@bursor.com

---

[5] *See Gould v. Motel 6 Inc.*, 2011 WL 13128160, at *7 (C.D. Cal. Mar. 28, 2011) ("A videoconference deposition overcomes obstacles relating to observing the impact of questions, the witness's nonverbal responses, and whether someone is listening and coaching the witness.").  *See also Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 398 (S.D.N.Y. 2006) (authorizing plaintiff's deposition over telephone due to the size of the individual claim at issue).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
Yitzchak Kopel (*pro hac vice*)
888 Seventh Avenue
New York, New York 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail:   scott@bursor.com

*Counsel for Plaintiffs*