**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:16-cv-02210-AG-KESxDate: December 29, 2017

Title: KAYLEE BROWNING, et al. v. UNILEVER UNITED STATES, INC.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**Order DENYING Plaintiff's Ex Parte Application For Protective Order (Dkt. 42.)

Plaintiff and proposed class representative Sarah Basile ("Plaintiff") seeks a protective order directing that her deposition occur either (1) in New York, or (2) via videoconference. (Dkt. 42.)

**I.Background.**

The parties previously raised this dispute before the Court. On September 14, 2017, the parties participated in a telephonic conference discussing the date and location of Plaintiff's deposition. (Dkt. 39 [transcript with discussion of deposition starting at page 37].) The parties represented that they would "figure out a mutually agreeable date once [they] resolved the location issue." (Id. at 37.) Plaintiff's counsel clarified that Plaintiff's reason for not wanting to travel to California for a deposition was "primarily an efficiency issue" and not related to a hardship, such as a disability or an employment conflict. (Id. at 38.) The Court endorsed Defendant's position that there is "a presumption under the law that usually the plaintiff would be able to be deposed in the forum where the plaintiff has filed suit." (Id. at 40.) The Court also noted that all discovery is subject to Federal Rule of Civil Procedure 1, which "requires both the parties and the Court to have an eye toward … efficiency and not unnecessarily racking up costs." (Id.) Defense counsel indicated that taking Plaintiff's deposition via videoconference

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:16-cv-02210-AG-KESx　　　　　　　　　　　　　　　　　　　　Date: December 29, 2017
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

was "not really a matter of difficulty, but … [they] shouldn't waive [their] right to be able to take a live testimony rather than video conferencing." (Id. at 41.)

The Court then asked Plaintiff's counsel if there were any concessions Plaintiff would be willing to make in exchange for not being required to travel to California, such as extending the length of the deposition. (Id. at 42.) He responded that he could not think of any at that time, but "if the Defendant has any proposals, obviously I'm glad to listen to them." (Id. at 43.)

The Court noted that the difficulties inherent in taking depositions via videoconference were somewhat reduced in this case, because defense counsel has offices in New York, such that lawyers from the same firm would be able "to serve in the role of providing documents [to the deponent] and handling documents and marking documents and so forth …." (Id. at 45.) Rather than ruling, the Court instructed the parties to "keep talking" to see if they could reach an agreement, with Plaintiff offering some concession "recognizing that the Court does have the power and there is precedent for ordering Ms. Basile to come to California." (Id. at 46.)

After that conference, on October 5, 2017, defense counsel sent a follow-up letter to Plaintiff advising as follows:

> Judge Scott stated that the Parties should meet and confer further regarding Ms. Basile's deposition, taking into consideration that the law weighed in favor of Unilever, but as a practical matter, it did not appear overly burdensome for Unilever to travel to New York for the deposition. Established case law supports Unilever's position that Ms. Basile should be required to travel to California …. Unilever intends to proceed by way of the Court's formal discovery dispute procedures as to this issue.

(Dkt. 43-2 at 6-7.)

On October 26, 2017, Plaintiff's counsel responded that he was willing to participate in discussions about potential concessions, including cost sharing. (Dkt. 43-3 at 3.)

Apparently, no such discussions ever occurred. On November 8, 2017, Defendant responded that it intended to notice Plaintiff's deposition in Los Angeles, and that if Plaintiff disagreed, then Plaintiff needed to seek a protective order. (Dkt. 43-4 at 3.) Defense counsel invited Plaintiff to "let us know what you have in mind." (Id.)

Defendant next sent an email on November 20, 2017 inquiring about dates for Plaintiff's deposition in California. (Dkt. 43-5 at 5.) Plaintiff responded, "Working to get you a date asap." (Id. at 4.) On November 22, Defendant followed up, "Were you able to get dates from your client?" (Id.) Plaintiff emailed back proposing February 13, 2018. (Id. at 3.) Defendant responded that February 13 would work for a deposition in California, but if Plaintiff was still

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:16-cv-02210-AG-KESx                                                            Date: December 29, 2017
                                                                                          Page 3

insisting on a deposition in New York, then Defendant intended to notice the deposition for January 5, 2018. (Id. at 2.)

On that same day, November 22, 2017, Defendant noticed the deposition for January 5, 2018, in Los Angeles. (Dkt. 43-6.)

On December 19, 2017, Plaintiff emailed a request to "meet and confer" on December 22, 2017 concerning several issues, including Plaintiff's deposition. (Dkt. 43-7 at 4.) Defense counsel responded that the deadline to move for a protective order regarding Plaintiff's deposition had already passed. (Id. at 3.) A regularly noticed motion set for hearing on January 3, 2018, would have needed to have been served and filed 21 days earlier, i.e., by December 13, 2017. Plaintiff reiterated a request to meet and confer. (Id.) Defense counsel reiterated that Plaintiff had been aware of the deposition notice since November 2017 and should have moved for a protective order earlier. (Id. at 2.)

None of these communications contain any concrete proposals for a compromise concerning Plaintiff's deposition.

Plaintiff filed the instant ex parte application on December 27, 2017. (Dkt. 42.) Defendant opposed it the next day. (Dkt. 43.)

## II.     The Instant Ex Parte Application.

Regarding the timing of the application, Plaintiff asserts as follows:

> Through no fault of their own, Plaintiffs are left with little time to challenge Defendant's inappropriate noticing of Ms. Basile's deposition for a date on which Plaintiff has already stated that she is not available. Indeed, given that Defendant noticed Ms. Basile's deposition just 45 days out, it was impossible for Plaintiffs to both meet and confer with Defendant and notice a hearing on this motion under the normal schedule.

(Dkt. 42 at 7.) While 45 days may not have been sufficient practical time to file a motion via joint stipulation under Local Rule 37-1, it was more than sufficient time to re-invoke the Court's telephonic procedures or seek permission to file a regularly noticed motion. The Court does not see any explanation in the briefing for (1) why so much time passed after the Court's September 2017 conference without Plaintiff proposing a concrete compromise; or (2) why so much time passed after service of the November 2017 deposition notice without Plaintiff moving for a protective order. Plaintiff blames Defendant for failing to make a compromise proposal (Dkt. 42 at 9), but the Court expected Plaintiff to offer such a proposal, given that the law favored Defendant's position.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:16-cv-02210-AG-KESx | Date: December 29, 2017 |
| | Page 4 |

      Regarding the substance of the application, the parties' positions are no different from those presented to the Court in September 2017.  Case law creates a presumption that plaintiffs will be deposed in the judicial district where they chose to file suit.  (See Dkt. 43 at 7-9 [summarizing cases].)  The Court, however, retains discretion to enter orders modifying this presumption where appropriate to protect a party from "undue burden or expense" and "secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1; 26(c)(1).

      Plaintiff does not argue that traveling to California will create a financial hardship; she does not provide any evidence concerning her schedule or financial resources.  Plaintiff argues that Defendant noticed her deposition for California solely "as a vehicle for harassment." (Dkt. 42 at 6.)  The Court rejects that argument.  If Defense counsel will take Plaintiff's deposition in person (which is superior to taking it via videoconference), then someone must travel—this dispute is over whether Defendant should bear the cost of its counsel travelling to New York or Plaintiff should bear the cost of travelling to Los Angeles.

      Plaintiff asserts that travelling to California would be an undue burden or expense because "the costs of Ms. Basile's travel to California would far exceed her individual claim in this action."  (Dkt. 42 at 8.)  Plaintiff argues that Defendant can more easily bear the cost of travel because Defendant is represented by a large law firm with offices in New York.  (Id.)

      Defendant counters that absent a showing of hardship (which has not been made), the Court should not alter the presumption that plaintiffs shall be deposed where they chose to file suit. (Dkt. 43 at 7.)  Defendant complains that this application is a tactic for delaying a deposition Defendant has been trying to take since July.  (Id. at 6.)

      The Court is not persuaded that the mere fact that Plaintiff's individual claim may have little value is reason enough to shift deposition travel costs entirely to Defendant.  Plaintiff knew of her individual claim's value when she chose to assert it in California.

      The depositions of proposed class representatives are critically important, and Plaintiff's deposition should occur without further significant delay.  Considering the law and equities discussed above, the Court orders that either:

      (1) Plaintiff's deposition occur on January 5, 2018, in Los Angeles, with Defendant paying $300 to help defray some of her travel costs; or

      (2) Plaintiff's deposition occur on February 13, 2018, in Los Angeles, with no cost sharing.

      Plaintiff may choose which arrangement she prefers.

                                                                                     Initials of Deputy Clerk JD