WILLIAM L. STERN (CA SBN 96105)
WStern@mofo.com
CLAUDIA M. VETESI (CA SBN 233485)
CVetesi@mofo.com
LUIS GABRIEL HOYOS (CA SBN 313019)
LHoyos@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

VIRGINIA MARCELA CHOI (CA SBN 294659)
Vchoi@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendant
UNILEVER UNITED STATES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| KAYLEE BROWNING and SARAH BASILE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNILEVER UNITED STATES, INC.,<br><br>Defendant. | Case No. 8:16-CV-2210-AG-KES<br><br>**DEFENDANT UNILEVER UNITED STATES, INC.'S OPPOSITION TO PLAINTIFFS'** ***EX PARTE*** **APPLICATION TO CONTINUE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PENDING RESOLUTION OF PLAINTIFFS' RULE 56(d) MOTION**<br><br>Judge:   Hon. Andrew J. Guilford<br>Ctrm:    Courtroom 10D<br><br>Action filed:   December 16, 2016 |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................... 1

II. FACTUAL BACKGROUND ........................................................................ 1

III. Argument ....................................................................................................... 3

    A. Reason #1: There Is No "Crisis" Or "Irreparable Prejudice" Warranting *Ex Parte* Relief Here; Fed. R. Civ. P. 56(d) Already Provides the Remedy Plaintiffs Seek ..................................................... 3

    B. Reason #2: Plaintiffs Are Unlikely To Prevail on Their Rule 56(d) Motion ............................................................................................. 4

IV. CONCLUSION .............................................................................................. 6

## I. INTRODUCTION

Plaintiffs' *Ex Parte* Application (ECF No. 75) should be denied for two reasons.

<u>First</u>, Plaintiffs' "crisis" is manufactured, and there is no basis here for relief on an *ex parte* basis. Plaintiffs have an adequate alternative remedy under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 56(d) contemplates a party filing a Rule 56(d) affidavit in support of its opposition to summary judgment, in response to which a court may deny or defer its decision on the motion as appropriate. Plaintiffs do not explain why that option is infeasible or prejudices Plaintiffs in any way. Nothing else in Plaintiffs' Application indicates that this is the kind of "extraordinary situation" warranting an *ex parte* application so as to impede Unilever's entitlement to be heard following meaningful notice.

<u>Second</u>, Plaintiffs are unlikely to prevail on their Rule 56(d) motion. Although Plaintiffs claim in their Application that they "do not ask the Court to determine the merits of its Rule 56(d) Motion on an *ex parte* basis," their Application improperly "previews" their Rule 56(d) arguments under the guise of showing that they are likely to succeed on the merits of their 56(d) motion. But, in any event, Plaintiffs are highly unlikely to prevail on their Rule 56(d) motion, which in this Circuit requires a party to state *what* information is sought, proffer sufficient facts to show that the evidence sought exists, and explain *how* it would prevent summary judgment. Ultimately, the Court should not consider merit-based arguments for the purpose of ruling on Plaintiffs' Application, which is improper in the first instance.

## II. FACTUAL BACKGROUND

Plaintiffs' Application and supporting declaration from counsel represents that Unilever "refused" to stipulate to a briefing schedule, thus "necessitating" Plaintiffs' Application. That is incorrect. The true facts:

On April 11, 2018, the Parties met and conferred per L.R. 7-3 in advance of Unilever United States, Inc.'s ("Defendant" or "Unilever") contemplated motion for summary judgment ("MSJ"). (Choi Decl. ¶ 3.) Plaintiffs asked Unilever to agree, in advance of filing, to a briefing schedule for Unilever's MSJ, as well as for Plaintiffs' motion for additional, unspecified, discovery they claimed would be necessary for their opposition. (*Id.*) Following the meet and confer, Unilever informed Plaintiffs that Rule 56(d) governed their request, and that a prior agreement on briefing was unnecessary. (*Id.* ¶ 4, Ex. A.) Unilever told Plaintiffs: "We are not refusing to give you an extension. There is a process under Rule 56(d) that governs what you are asking for. After you see our papers, you can let us know what you need (if anything) and we can meet and confer then as necessary." (*Id.*)

Unilever filed its MSJ on April 20, 2018. (ECF No. 61.)

On April 23, 2018, the Parties met and conferred telephonically to further discuss Plaintiffs' claimed need for discovery to prepare their Opposition to Unilever's MSJ. (*Id.* ¶ 5.) Unilever explained that its MSJ had been drafted surgically so as to attack facts solely on Plaintiffs' "side of the ledger," excepting the tests regarding claim substantiation, which had been produced two months prior on February 5, 2018. (*Id.*) As to those tests and any other discovery Plaintiffs needed in light of Unilever's MSJ and Statement of Undisputed Facts ("SUF"), Unilever invited Plaintiffs to provide their discovery plan under Rule 56(d), and Unilever would agree to continue the MSJ hearing to accommodate it. (*Id.*) Plaintiffs declined to specify. Unilever was unequivocal during that call that it was willing to agree to an extension; but to the extent Plaintiffs were claiming discovery as the grounds for extension, Unilever needed to see a Rule 56(d) discovery plan before agreeing to a continuance. (*Id.*)

That same day, Plaintiffs sent an email requesting a four-week continuance on the MSJ briefing, without providing the requested details on their discovery plan. (*Id.* ¶ 6, Ex. B.) Unilever responded that it would agree to the extension

provided it was inclusive of any claimed Rule 56(d) discovery, and enclosed relevant case law supporting its position. Plaintiffs declined and demanded an extension without preconditions, even though Unilever had, in the spirit of compromise, agreed to the general 4-month extension on all fact and expert discovery deadlines that Plaintiffs had requested. (*Id.*) In response, Unilever sent an email summarizing the Parties' discussions and Unilever's position, once again providing relevant caselaw on Rule 56(d). Unilever requested "one more time to provide your Rule 56(d) discovery plan that conforms to 9th Circuit law." (*Id.*) Additionally, "purely as a professional courtesy and to avoid troubling the Court," Unilever agreed to continue the MSJ hearing date by two weeks. (*Id.*) Plaintiffs never provided a Rule 56(d) discovery plan or point out on which of the merely 21 facts in Unilever's SUF they needed additional discovery. (*Id.* ¶ 6.)

## III.  ARGUMENT

### A.  Reason #1: There Is No "Crisis" Or "Irreparable Prejudice" Warranting *Ex Parte* Relief Here; Fed. R. Civ. P. 56(d) Already Provides the Remedy Plaintiffs Seek.

As this Court notes in its Judges' Procedures, an *ex parte* application has due process implications and is for *extraordinary* situations only. *Fuentes v. Shevin*, 407 U.S. 67, 80-82 (1972) (due process requires that affected parties "are entitled to be heard" following "meaningful" notice, except in "extraordinary situations"). It has been said that "*ex parte* applications contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court," "both [of which] contemplate that *noticed* motions should be the rule and not the exception." *In re Anand v. China Int'l Corp. (In re China Int'l Corp.)*, 101 B.R. 191, 193 (C.D. Cal. 1989). "Lawyers must understand that filing an *ex parte* motion, whether of the pure or hybrid type, is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 491–92 (C.D. Cal. 1995).

DEFENDANT'S OPPOSITION TO EX PARTE APP.
Case No. 8:16-CV-2210-AG-KES
la-1378747

3

1    Indeed, the use of the *ex parte* procedure "is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion[.]" *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013).

None of those rare circumstances are present here. The claimed "crisis" here is that Plaintiffs will be "forced to oppose Defendant's MSJ" before their Rule 56(d) motion is heard, which will cause them irreparable prejudice in the form of time and cost of briefing their Opposition. (*Ex Parte* App. at 1-2.) But Rule 56(d) *expressly* provides that a party may file its opposition to summary judgment and include a rule 56(d) affidavit. The Court then has broad discretion to "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue *any other appropriate order*." Fed. R. Civ. P. 56 (emphasis added). Plaintiffs do not explain why that existing remedy is so infeasible or prejudicial that they must resort to *ex parte* relief, depriving Unilever of the right to be heard following meaningful notice.

In any event, if Plaintiffs' position is — as it appears to be — that there isn't a single argument in Unilever's MSJ to which they cannot respond without additional discovery, Plaintiffs are essentially finished with their MSJ briefing, since they already filed their Rule 56(d) Motion. (*See Ex Parte* App. at 1 (contending that Unilever's MSJ "will likely be denied or continued as a result of their Rule 56(d) motion.")).

Plaintiffs' Application is a tactical attempt to expedite, without good cause, a procedure that is already encompassed by the Federal Rules. There is no "fire" here. Plaintiffs' *Ex Parte* Application should be denied.

### B.  Reason #2: Plaintiffs Are Unlikely To Prevail on Their Rule 56(d) Motion

Although the Court should decline to consider any merit-based arguments — particularly in the absence of any real emergency justifying an *ex parte* application — Plaintiffs are, in any event, highly unlikely to prevail on their Rule 56(d) motion.[1] The Ninth Circuit requires the party seeking additional discovery to state *what* information is sought, proffer sufficient facts to show that the evidence sought exists, and explain *how* it would prevent summary judgment. *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) ("a party opposing summary judgment 'must make clear what information is sought and how it would preclude summary judgment.'"); *Getz v. Boeing Co.,* 654 F.3d 852, 868 (9th Cir.2011) (denial of Rule 56(d) motion proper where party "failed to 'proffer sufficient facts to show that the evidence sought exist[ed], and that it would [have] prevent[ed] summary judgment.'"); *Cambrian Sci. Corp. v. Cox Commc'ns, Inc.*, No. SACV1101011AGJPRX, 2014 WL 12597150, at *7 (C.D. Cal. June 13, 2014) ("A party requesting a continuance under Rule 56(d) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment.") Plaintiffs haven't come close to making the requisite showing.

As Unilever's eventual opposition to the Rule 56(d) Motion (ECF No. 74) will show, Plaintiffs' Rule 56(d) Motion and supporting declaration rely on generalized conclusions of law and do not state what facts it seeks or that evidence for such facts exists, pointing only to Unilever's discovery responses. (ECF No. 74-1 at 4-9; ECF No. 74-2 ¶¶ 38-44.)  In fact, Plaintiffs do not mention any of the

---

[1] Although Plaintiffs argue that their Application "narrowly" asks the Court to continue the MSJ hearing without "determin[ing] the merits of its Rule 56(d) Motion," Plaintiffs proceed to make merits-based arguments regarding their diligence, citing to their concurrently filed Rule 56(d) motion (ECF No. 74) in support. Unilever responds to Plaintiffs' argument for the limited purpose of opposing Plaintiffs' *Ex Parte* Application. Unilever will respond in full to Plaintiffs' Rule 56(d) Motion in its eventual opposition to that motion.

21 facts in Unilever's SUF as to which Plaintiffs' discovery would create triable issues. (ECF No. 74-2.) Indeed, Plaintiffs could not possibly need discovery on facts such as "The average online customer review of the St. Ives Apricot Scrub is about 4.4 or higher on Amazon, CVS, Target, Walmart, and Walgreens" or "Ms. Basile bought St. Ives Apricot Scrub because her sister used it." (ECF No. 61-1 at 3-4.) A generalized statement that "certain information necessary to prepare a response is solely in the possession of (moving party)" is insufficient. *Keebler Co. v. Murray Bakery Products*, 866 F2d 1386, 1389 (Fed. Cir. 1989).

Nor can Plaintiffs truly claim diligence in pursuing discovery. Although Plaintiffs have, indeed, asked the Court to compel Defendant's document production, it appears Plaintiffs may never have bothered to *review* what Unilever had already produced prior to its motion to compel. As mentioned above, Unilever produced the tests in support of its claim substantiation on February 5, 2018. (Choi Decl. ¶ 2.) Despite having possessed those documents for months, Plaintiffs never contacted Unilever for any follow up regarding those documents, including after Unilever invited them to do so during the April 23 meet and confer. (*Id.* ¶ 5.)

In any event, the Court should not consider merit-based arguments for the purpose of ruling on Plaintiffs' *Ex Parte* Application, where such an application is improper in the first place.

## IV. CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiffs' *ex parte* application.

| | | |
|---|---|---|
| 1 | Dated: May 1, 2018 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | |
| 4 | | By: _/s/ *Virginia M. Choi*_<br>VIRGINIA M. CHOI |
| 5 | | Attorneys for Defendant<br>Unilever United States, Inc. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28